**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Marc K. Knapp, Appellant,

v.

James Douglas Jenkins, IV, Peter Barnwell Jenkins, and Alicia J. Roy, Respondents.

Appellate Case No. 2023-000599

———————

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

———————

Unpublished Opinion No. 2025-UP-180
Submitted May 15, 2025 – Filed June 4, 2025

———————

**AFFIRMED**

———————

Frederick Miles Adler, of Pawleys Island, for Appellant.

David K. Haller, of Haller Law Firm, of Charleston, for Respondents.

———————

**PER CURIAM:** Marc K. Knapp appeals the master-in-equity's order granting summary judgment to James Douglas Jenkins, IV, Peter Barnwell Jenkins, and Alicia J. Roy (collectively, Respondents). On appeal, Knapp argues the master erred by (1) dismissing the action pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure and (2) granting Respondents' motion for summary

judgment because there was a genuine issue of material fact as to whether the contract's terms were ambiguous. We affirm pursuant to Rule 220(b), SCACR.

1. We find Knapp's first argument is without merit because the master converted Respondents' Rule 12(b)(6) motion into one for summary judgment after matters outside the pleadings were presented at the hearing. *See Martin v. Companion Healthcare Corp.*, 357 S.C. 570, 574, 593 S.E.2d 624, 627 (Ct. App. 2004) ("When a court is considering a motion to dismiss and matters outside the pleadings are presented to and not excluded by the court, 'the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 [of the South Carolina Rules of Civil Procedure], and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'" (quoting Rule 12(b), SCRCP)). Although the master's original Form 4 order stated it was granting Respondents' Rule 12(b)(6) motion, it also indicated a formal order was to follow. *See Metts v. Mims*, 384 S.C. 491, 499, 682 S.E.2d 813, 817 (2009) (stating a Form 4 order is not final if it specifies that a formal order will follow). The master's formal order granted summary judgment to Respondents, and following Knapp's motion to reconsider, the master clarified it issued the formal order after motions, affidavits, and arguments converted the motion to dismiss into a motion for summary judgment. Moreover, Knapp had an opportunity to argue against the grant of summary judgment before and during the hearing. *See Baird v. Charleston County*, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999) (stating that conversion of a motion to dismiss into a motion for summary judgment is proper when the parties are afforded a reasonable opportunity to respond to such matters).

2. Viewing the evidence in the light most favorable to Knapp, we hold the master did not err in granting summary judgment to Respondents. *See Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the [circuit] court pursuant to Rule 56(c) [of the South Carolina Rules of Civil Procedure]."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) ("[T]he moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (alterations in original) (quoting Rule 56(c), SCRCP)); *Fleming*, 350 S.C. at 493-94, 567 S.E.2d at 860 ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine."); *Ingram v.*

*Kasey's Assocs.*, 340 S.C. 98, 106, 531 S.E.2d 287, 291 (2000) (holding a party who seeks to compel specific performance must demonstrate he "has been and remains able and willing to perform" his part of the contract); *Silver v. Aabstract Pools & Spas, Inc.*, 376 S.C. 585, 594, 658 S.E.2d 539, 543 (Ct. App. 2008) ("Where a contract is not performed, the party who is guilty of the first breach is generally the one upon whom all liability for the nonperformance rests." (quoting *Willms Trucking Co. v. JW Constr. Co.*, 314 S.C. 170, 178, 442 S.E.2d 197, 201 (Ct. App. 1994)); *Dargan v. Page*, 222 S.C. 520, 527, 73 S.E.2d 705, 708 (1952) (stating a contractual provision which states time is of the essence "must be strictly complied with, or relief by way of specific performance will be denied"); *Bishop v. Tolbert*, 249 S.C. 289, 298-301, 153 S.E.2d 912, 917-18 (1967) (holding buyers were not entitled to specific performance because they refused to tender the purchase price for land within the time specified by the contract, and time was of the essence).

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.